UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kevin Andre G., | Case No. 2:25-cv-01776-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 12] |
| Frank Bisignano, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for benefits pursuant to Titles II and XVI of the Social Security Act. Pending before the Court is Plaintiff's opening brief seeking reversal and remand. Docket No. 12. The Commissioner filed a responsive brief in opposition. Docket No. 14. Plaintiff filed a reply. Docket No. 15. The parties consented to resolution of this matter by magistrate judge. *See* Docket Nos. 2-3.

**I.      STANDARDS**

A.      Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### B.   Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II.   BACKGROUND

### A.   Procedural History

On July 12, 2021, Plaintiff filed an application for disability insurance benefits and supplemental security income with an alleged onset date of April 30, 2020. *See, e.g.*, Administrative Record ("A.R.") 285-92. On July 18, 2022, Plaintiff's application was denied initially. A.R. 119-20. On June 8, 2023, Plaintiff's claim was denied on reconsideration. A.R. 121-22. On July 7, 2023, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). A.R. 179-80. On June 13, 2024, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ James Conlon. A.R. 57-98. On August 9, 2024, the ALJ

issued an unfavorable decision finding that Plaintiff had not been under a disability.  A.R. 37-56.  On July 24, 2025, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  A.R. 7-12.  On September 20, 2025, Plaintiff commenced this suit for judicial review.  Docket No. 1.

> B.      The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a).  A.R. 40-50.  At step one, the ALJ found that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since the alleged onset date.  A.R. 41.  At step two, the ALJ found that Plaintiff has the following severe impairments:  diabetes, neuropathy, retinopathy, hypertension, depression, anxiety, somatic symptom disorder, post-traumatic stress disorder (PTSD).  A.R. 41-42.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 42-43.  The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally balance and never climb ladders, ropes or scaffolds.  He should avoid concentrated exposure to hazards such as machinery and unprotected heights.  He is limited to simple routine and repetitive tasks and simple work-related decisions.  Changes in the work setting are limited to simple workplace changes.  He is also limited to occasional interaction with the public.

A.R. 43-48.  At step four, the ALJ found Plaintiff was unable to perform any past relevant work.  A.R. 49.  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity.  A.R. 49-50.  In doing so, the ALJ defined Plaintiff as a younger individual (35 years old) as of the alleged onset date with at least a high school education.  A.R. 49.  The ALJ found the transferability of job skills to be immaterial.  A.R. 49.  The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors

could perform work as an office helper, laundry sorter, and folder. A.R. 49-50. Based on these findings, the ALJ found Plaintiff not disabled. A.R. 50.

**III.    ANALYSIS**

Plaintiff raises two arguments on appeal: (1) that the ALJ erred in discounting Plaintiff's testimony and (2) that the ALJ erred in rejecting the medical opinion of Dr. Alton Walters. The Court addresses each argument below.

A.    Plaintiff's Testimony

Plaintiff argues that the ALJ erred in discounting his testimony regarding visual impairment. *See* Docket No. 12 at 6-11; *see also* Docket No. 15 at 3-5. The Commissioner counters that the ALJ was permitted to discount this testimony given that Plaintiff's allegations were inconsistent with the medical record and given that Plaintiff's impairment improved with treatment. Docket No. 14 at 4-8. The Commissioner argues further that Plaintiff failed to establish that any error in this respect was consequential to the non-disability finding. *Id.* at 8. The Commissioner has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p. If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *See Smartt*, 53 F.4th at 500. "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Id.* at 494 (quotations and citation omitted).

In this case, the ALJ acknowledged Plaintiff's testimony of blurred vision from diabetic retinopathy, determined that the objective evidence could reasonably be expected to produce some degree of pain or other symptoms as alleged, and discounted Plaintiff's testimony as to intensity, persistence, and limiting effect. *See* A.R. 44. The ALJ reached the latter conclusion by finding the testimony to be inconsistent with the medical record and that the symptoms were controlled with treatment. A.R. 45. The Court need not ultimately determine whether the ALJ erred in this respect because the Commissioner is correct that Plaintiff has not shown that any such error would have been consequential to the non-disability finding. *See* Docket No. 14 at 8. A claimant bears the burden on appeal of establishing not just that the ALJ erred, but also that the error is harmful. *Ludwig v. Astrue*, 681 F.3d 1047 1054 (9th Cir. 2012) (discussing *Shinseki v. Sanders,* 556 U.S. 396 (2009)).[2] "Simply arguing that the ALJ erred in crafting the RFC is insufficient to establish harmful error; the claimant must explain why the alleged error impacted the ultimate non-disability determination." *Jessica V. v. Bisignano*, 807 F. Supp. 3d 1225, 1234 (D. Nev. 2025). Courts routinely find harmless error when the claimant identifies no additional limitations beyond those already incorporated into the RFC. *See, e.g.*, *Champagne v. Colvin*, 582 Fed. Appx. 696, 697 (9th Cir. 2014). Courts also routinely find harmless error when the claimant fails to explain how the disputed impairment would be inconsistent with the jobs identified by the vocational expert. *See, e.g.*, *Jones v. O'Malley*, 2024 WL 5182413, at *5 (C.D. Cal. Jan. 12, 2024).

Although Plaintiff argues that the ALJ erred in discounting his testimony regarding blurred vision, the RFC already includes a related limitation to avoid concentrated exposure to hazards. *See, e.g.*, A.R. 47 ("because of the claimant's retinopathy . . ., environmental limitations against hazards are indicated"). Plaintiff does not identify any additional limitations that he contends should have been included in the RFC and Plaintiff does not explain how blurred vision would be incompatible with the jobs of office helper, laundry sorter, and folder.

---

[2] The motion argues for reversal by claiming the vocational witness testimony lacks evidentiary value, but the case cited still requires a showing that any such error was harmful. *See Leach v. Kijakazi*, 70 F.4th 1251, 1255 (9th Cir. 2023).

Accordingly, Plaintiff has failed to establish any harmful error as to his testimony regarding blurred vision.

B.    Medical Opinion of Dr. Walters

Plaintiff argues that the ALJ erred in discounting the opinion of Dr. Alton Walters for only occasional handling. Docket No. 12 at 12-14; *see also* Docket No. 15 at 5-7. The Commissioner responds that the ALJ was permitted to discount this opinion based on a lack of supportability and consistency. Docket No. 14 at 8-12. The Commissioner has the better argument.

When evaluating medical evidence, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). The ALJ must "articulate how [the ALJ] considered the medical opinions and prior administrative medical findings" based on certain specified factors. *Id.* The most important factors are supportability and consistency, which the ALJ must address. 20 C.F.R. § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.' Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(1) & (c)(2)). "[T]he decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

Dr. Walters opined that Plaintiff is limited to occasional handling because he has pins-and-needles feeling in his hands and cannot feel the numbness neurologically. A.R. 894. The ALJ discounted that opinion because it lacked supportability and consistency. A.R. 47. As to supportability, the ALJ explained that Plaintiff reported significant improvement by taking Gabapentin, as well as engaging in daily activities such as cooking, cleaning, and all of the other "usual activities of daily living." A.R. 47 (citing 889-890). As to consistency, the ALJ explained that Plaintiff's electromyogram showed normal results and his nerve conduction study showed only mild bilateral ulnar sensory nerve neuropathy with the results otherwise being normal. A.R.

47 (citing A.R. 940-41).  The ALJ's findings are supported by substantial evidence and the reasons articulated are legally sound.[3]

Accordingly, Plaintiff has failed to establish any error as to the ALJ discounting Dr. Walters' opinion on occasional handling.

**IV.    CONCLUSION**

The decision below is **AFFIRMED**.  The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: June 2, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The other arguments advanced by Plaintiff are not persuasive.  The ALJ did not act beyond his capacity as a layperson in assessing the record.  *See Jessica V.*, 807 F. Supp. 3d at 1230-31.  Plaintiff's argument that a finding of feeling in the fingertips cannot undermine a limitation to occasional handling is inconsistent with the fact that Dr. Walters' own opinion for that limitation was predicated on lack of feeling.  *See* A.R. 894.  Hence, the Court agrees with the Commissioner on these issues.  *See* Docket No. 14 at 10-12.